UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANGELIKA DOTSENKO,

                Petitioner,

v.

SUPERINTENDENT JOSEPH JOSEPH,

                Respondent.
------------------------------------------------------------X

**DECISION & ORDER**
18-CV-1640 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

Before the Court is a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 by Petitioner Angelika Dotsenko ("Petitioner"). ECF No. 1 ("Petition"). Petitioner is incarcerated pursuant to her convictions of Second-Degree Murder and First-Degree Attempted Robbery. *Id.* at 1. Petitioner, proceeding *pro se*, argues she is entitled to *habeas* relief because: (1) the trial court improperly denied her request for an accomplice-in-fact corroboration charge; (2) the prosecution violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose to the defense the statements made by her co-defendant in her plea allocution; (3) in the alternative, the statements made by her co-defendant qualified as newly discovered evidence; and (4) her sentence was excessive. *Id.*; *see also* Response to Order to Show Cause ("Opp.") at 20, ECF No. 8. For the reasons discussed below, the petition for the writ of *habeas corpus* is DENIED in its entirety.

## FACTUAL AND PROCEDURAL BACKGROUND

### I. Alleged Crimes and Conviction

On July 22, 2002, Petitioner, acting in concert with Jennifer Fecu, devised a plan to rob Christopher Trilli. Opp. ¶ 4. Defendant lured Trilli to an area near her grandmother's apartment at 2355 Ocean Avenue. *Id.* Defendant also gave Fecu a gun, with which Fecu shot Trilli once in the head while he was sitting in his car, killing him. *Id.* Fecu then stole a chain from Trilli's neck, and both Fecu and Petitioner fled the scene. *Id.*

Petitioner was charged by Kings County Indictment Number 5053/2002 with: Murder in the Second Degree in violation of N.Y. Penal Law § 125.15(3); two counts of Attempted Robbery in the First Degree in violation of N.Y. Penal Law §§ 110.00, 160.15(1), (2); one count

1

of Attempted Robbery in the Second Degree in violation of N.Y. Penal Law §§ 110.00, 160.05; one count of Attempted Robbery in the Third Degree in violation of N.Y. Penal Law ¶¶ 111.00, 160.05; one count of Criminal Possession of a Weapon in the Second Degree in violation of N.Y. Penal Law § 265.03(2); and one count of Criminal Possession of a Weapon in the Third Degree in violation of N.Y. Penal Law § 265.02(4). *Id.* ¶ 5.

Trial against Petitioner commenced on May 5, 2004 and concluded on May 17, 2004. *Id.* ¶ 6. Petitioner was represented by Ivan Vogel, Esq. *Id.* Evidence at trial included: testimony of Rose Richie Palomino, Fecu's cousin; testimony of Detective Robert Keating; testimony of Joanne Anaele, Fecu's friend; and evidence of telephone calls between Petitioner and Trilli. *Id.* The jury found Petitioner guilty of Murder in the Second Degree and Attempted Robbery in the First Degree on May 17, 2004. *Id.* ¶ 8. On June 24, 2004, the court sentenced Petitioner to concurrent prison terms of 25 years to life on the murder count and 15 years to life on the attempted robbery count. *Id.* ¶ 17.[1]

On June 16, 2004, Fecu pled guilty to the entirety of Kings County Indictment Number 5525/2002, charging her with three counts of second-degree murder and other lesser charges. *Id.* ¶ 9. During her plea hearing, Fecu made several comments regarding both Petitioner and Anaele, who testified against Petitioner at her trial. For example, Fecu told the court Anaele was one of the people who gave her the gun and that Petitioner "set [the robbery] up" and was "the one that called him and set it up as the victim." *Id.* ¶ 13. Petitioner's counsel stated he learned of the plea in 2012 after being assigned to Petitioner's direct appeal from the judgment of conviction. *See* Opp., Ex. C ("Def. Mot. to Vacate"), ¶ 69.

---

[1] On December 2, 2004, the court changed the sentence on the attempted robbery count to a determinate sentence of 15 years. Opp. ¶ 17. The court again amended the sentence to include 5 years of post-release supervision on June 28, 2012. *Id.*

2

## II. State Post-Conviction Motions

On September 18, 2015, Petitioner, through counsel, filed a motion to vacate the judgment pursuant to N.Y. C.P.L.R. § 440.10 ("440 Motion"). *See* Def. Mot. to Vacate. Petitioner argued the state prosecution violated *Brady* by failing to disclose to the defense the statements made by Fecu in her plea allocution naming Anaele, a witness at Petitioner's trial, as an active participant in the robbery. *Id.* at 1-13. In the alternative, Petitioner argued the statements about Anaele made by Fecu during her plea allocution qualified as "newly discovered evidence" under N.Y. C.P.L.R. § 440.10(1)(g). *Id.* at 11-12. The state prosecution opposed the motion, arguing the statements could not violate *Brady* because they occurred after the trial, and even if they were available before trial, they would not have changed the verdict. *See* Opp., Ex. D ("Opp. to Mot. to Vacate").

By decision and order dated December 23, 2015, the trial court denied Petitioner's 440 Motion. *See* Opp., Ex. F. The trial court determined Fecu's comments were not favorable to Petitioner because they still inculpated Petitioner in the crime. *Id.* at 2. The court further reasoned Petitioner was not prejudiced by the nondisclosure of the comments because the comments only confirmed Petitioner had acted in concert with Fecu to rob Trilli. *Id.*

In August 2016, Petitioner appealed from both her judgment of conviction and the denial of her 440 Motion to the New York Supreme Court, Appellate Division, Second Department ("Appellate Division"). *See* Opp., Ex. G. With respect to her conviction, Petitioner argued the trial court erred in denying her request to charge the jury to consider whether Anaele was an accomplice as a matter of fact, whose testimony required corroboration. *Id.* at 42-55. With respect to her 440 Motion, Petitioner reiterated her arguments the prosecution violated *Brady* and

the comments constituted newly discovered evidence. *Id.* 56-73. Petitioner also argued her sentence was excessive. *Id.* at 73-74.

On May 24, 2017, the Appellate Division affirmed Petitioner's conviction, holding the trial court properly declined her request to charge the jury that Anaele was an accomplice whose testimony required corroboration. *See People v. Dotsenko*, 52 N.Y.S.3d 640, 640-41 (2d Dep't 2017). The Appellate Division also affirmed the trial court's denial of Petitioner's 440 Motion, finding no *Brady* violation, and concluded the statements did not constitute newly discovered evidence. *Id.* Petitioner filed an application for a certificate granting leave to appeal the trial court's 440 decision to the Second Department. Opp. ¶ 24. On December 20, 2017, a judge of the Court of Appeals denied leave. *People v. Dotsenko*, 30 N.E.3d 492 (N.Y. 2017) (DiFiore, J.).

### III.  *Habeas Corpus* Petition

On March 13, 2018, Petitioner filed the instant *habeas corpus* petition pursuant to 28 U.S.C. § 2254. *See* Petition. Petitioner argues she is entitled to *habeas* relief because: (1) the trial court improperly denied her request for an accomplice-in-fact corroboration charge; (2) the state prosecution violated *Brady* by failing to disclose to the defense the statements made by her co-defendant Fecu in her plea allocution; (3) the statements made about Anaele by Fecu in her plea allocution qualified as newly discovered evidence; and (4) her sentence of 25 years to life on the murder count is cruel and unusual. *Id.* at 5-19.[2] Respondent Superintendent Joseph Joseph ("Respondent"), the authorized person who has custody of Petitioner, argues the writ should not issue to Petitioner on any of these grounds. *See* Mem. of Law ("Opp. Mem.") at 1-22, ECF No. 8. The Court will address each of the issues in turn.

---

[2] The Court refers to the pages assigned by the Electronic Case Filing System and not to any pagination on the Petition itself.

## DISCUSSION

### I. Legal Standard

Pursuant to 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a petition for a writ of habeas corpus may be brought by a person in custody pursuant only to a state court judgment "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). AEDPA requires federal courts to apply a "highly deferential standard" when conducting *habeas corpus* review of state court decisions and "demands that state-court decisions be given the benefit of the doubt." *Renico v. Lett*, 559 U.S. 766, 773 (2010) (internal quotation marks and citations omitted). "Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, . . . thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citations omitted).

A petitioner is entitled to *habeas corpus* relief only if he can show the state court decision, having been adjudicated on the merits,

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "For the purposes of federal habeas review, 'clearly established law' is defined as 'the holdings, as opposed to dicta, of [the Supreme] Court's decisions as of the time of the relevant state-court decision.'" *Davis v. Racette*, 11-CV-5557, 2015 WL 1782558, at *3 (E.D.N.Y. Apr. 21, 2015) (Brodie, J.) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). "A state court decision is 'contrary to,' or an 'unreasonable application of,' clearly established

5

law if the decision (1) is contrary to Supreme Court precedent on a question of law; (2) arrives at a conclusion different [from] that reached by the Supreme Court on 'materially indistinguishable' facts; or (3) identifies the correct governing legal rule, but unreasonably applies it to the facts of the petitioner's case." *Id.* (quoting *Williams*, 529 U.S. at 412-13). To establish a state court's decision constitutes an unreasonable application of the law, the state court decision must be "more than incorrect or erroneous[;]" it must be "objectively unreasonable." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). This means "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 411. "This distinction creates 'a substantially higher threshold' for obtaining relief than *de novo* review." *Renico*, 559 U.S. at 773 (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

As discussed below, all but one of Petitioner's claims was raised at some step in the state court appeals process. Accordingly, Petitioner is entitled to *habeas corpus* relief on any of these grounds individually only if he can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

## II. Analysis

### A. Ground One: Accomplice-in-Fact Corroboration Charge

Petitioner argues she was denied her constitutional right to a fair trial by the state court's denial of her request to instruct the jury to consider whether Anaele was an accomplice as a matter of fact, whose testimony required corroboration. Petition at 5, 16, 18. Respondent argues

6

Petitioner cannot seek federal *habeas* relief on this ground because it is entirely based on a New York State evidentiary rule. Opp. Mem. at 1-2.

A petitioner cannot seek *habeas* relief on this ground because the claim does not present a federal constitutional issue but instead a "perceived error of state law." *Pulley v. Harris*, 465 U.S. 37, 41 (1984); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions."). A claim of error based entirely on a state evidentiary rule requiring accomplice testimony to be supported by corroborative evidence does not assert a violation of a federal right. *See Young v. McGinnis*, 411 F. Supp. 2d 278, 298-99 (E.D.N.Y. 2006) (Weinstein, J.) (citing N.Y. C.P.L.R. § 60.22), *aff'd*, 319 F. App'x 12 (2d Cir. 2009) (summary order). Although a lack of corroboration may have constituted a violation of state law, lack of corroboration does not constitute a "violation of federal law, let alone of any federal constitutional right." *McGinnis*, 319 F. App'x at 13 (citations omitted).

Here, Petitioner seeks relief claiming the trial court erred in denying her application for an accomplice-in-fact corroboration charge—an alleged error of state law that does not raise a federal question. Indeed, even if the Court assumed the trial court erred in failing to give the charge for Anaele's testimony, the error did not deprive Petitioner of her right to a fair trial because corroboration of witness testimony is not required under federal law. *See United States v. Hamilton*, 334 F.3d 170, 179 (2d Cir. 2003) ("The testimony of a single accomplice is sufficient to sustain a conviction so long as that testimony is not incredible on its face and is capable of establishing guilt beyond a reasonable doubt." (internal quotation marks and citation omitted)); *see also United States v. Gordon*, 987 F.2d 902, 906 (2d Cir. 1993). Accordingly, Petitioner's request for *habeas* relief on this basis is denied.

## B. Grounds Two and Four: *Brady* and Newly Discovered Evidence Claims

Petitioner next argues she was denied the right to a fair trial because the state prosecution failed to disclose to her statements made by Fecu during Fecu's plea proceeding, in violation of *Brady*. Petition at 7-8, 10-11.[3] In the alternative, she argues this should have been disclosed as "newly discovered evidence." *Id.* at 7. Respondent rejects Petitioner's *Brady* argument, contending the allocution and statements made during it were not *Brady* material because they did not come into existence until after Petitioner's trial and verdict. *See* Opp. Mem. at 7.

Petitioner raised this issue in her 440 Motion to the trial court, and the trial court dismissed the claim on the merits. Petitioner is therefore entitled to *habeas corpus* relief only if she can show the state court adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States[.]" 28 U.S.C. § 2254(d)(1).

Under *Brady*, federal prosecutors have an "affirmative duty" to disclose evidence favorable to a defendant. *Kyles v. Whitley*, 514 U.S. 419, 432 (1995). To establish a *Brady* violation, a defendant must show the government failed to disclose favorable evidence, the evidence is material and exculpatory or impeaching, and prejudice ensues. *See Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). "Evidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *United States v. Payne*, 63 F.3d 1200, 1209 (2d Cir. 1995) (internal quotation marks and citation omitted). As a threshold matter, the government cannot disclose before a defendant's trial evidence it did not possess at the start of trial. The government's

---

[3] Petitioner raises these arguments under both Grounds Two and Four in the Petition. *See* Petition at 7-8, 10-11, 18-19. Both grounds argue the Appellate Division erred in denying her 440 Motion, citing her Fifth and Fourteenth Amendment due process rights. *Id.* at 18-19.

*Brady* obligation therefore does not extend to statements made to the government after trial ends. *United States v. Santos*, 486 F. App'x 133, 136 n.1 (2d Cir. 2012) (summary order) (citing *Dist. Attorney's Off. for Third Judicial Dist. v. Osborne*, 557 U.S. 52, 68-69 (2009)).

Here, Petitioner alleges a *Brady* violation for the state prosecution's failure to disclose the plea allocution, which occurred *after* the trial and after she was convicted. There was no allocution for the prosecution to disclose before trial. Accordingly, Petitioner's *Brady* claim fails. *See Santos*, 486 F. App'x at 136 n.1.

Even if there was an obligation to produce such information learned after verdict but before sentencing, the *Brady* claim would still fail because Petitioner cannot show the allocution testimony would be "favorable" to the defense and that there is a reasonable probability the jury would have acquitted Petitioner if the testimony was presented. To the contrary, the allocution corroborates the portion of Anaele's testimony that Petitioner had called Trilli and provided Fecu with the bag containing the gun, whether or not it undermined Anaele's testimony she was not a participant in the crime. *Accord Payne*, 63 F.3d at 1210 (finding no *Brady* violation where undisclosed impeachment evidence was just one of many pieces of evidence linking the defendant to narcotics dealing and was corroborated by other physical evidence and witnesses). Furthermore, the state prosecution could impeach portions of the allocution with Fecu's August 14, 2002 videotaped statement stating Anaele played no role in the crime. *See* Opp. Mem. at 13-15.

Petitioner's alternative claim the allocution should constitute newly discovered evidence sufficient to warrant a new trial is also without merit. A claim "based on newly discovered evidence ha[s] never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v.*

*Collins*, 506 U.S. 390, 400 (1993). Thus, even if the Court were to consider the allocution newly discovered evidence, a constitutional violation must have occurred for relief to issue. The Court has found no independent constitutional violation, and there is no reasonable probability the admission of the allocution (if that were possible) would have led to a different outcome at trial. Accordingly, Petitioner's request for *habeas* relief on this basis is denied.

**C. Ground Three: Eighth Amendment Claim**

As her third ground, Petitioner argues because her co-defendant, Fecu, received a sentence seven years shorter than hers, even though Fecu was the actual shooter, Petitioner's sentence was excessive in violation of her Eighth Amendment rights. Petition at 8, 18. This issue was not raised in direct appeal, and therefore is unexhausted. *See* Opp. Mem. at 8; *see also White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992) (per curiam) (holding a claim unexhausted where a petitioner alleges his prison sentence violated a federal constitutional right but failed to assert the claim first in state court). Pursuant to 28 U.S.C. § 2254(b)(2), the Court may still deny the claim on the merits even though Petitioner failed to exhaust her state court remedies. This is the case here.

A sentence is not cruel and unusual in violation of the Eighth Amendment "if the sentence is within the range prescribed by state law." *Tucker v. Yelich*, 16-CV-4931, 2017 WL 3669613, at *10 (E.D.N.Y. Aug. 24, 2017) (Bianco, J.) (rejecting Eighth Amendment claim to sentencing within statutory limits); *see also Keane*, 969 F.2d at 1383 ("No federal constitutional issue is presented where . . . the sentence is within the range prescribed by state law."); *Underwood v. Kelly*, 692 F. Supp. 146, 152 (E.D.N.Y. 1988) (Sifton, J.), *aff'd mem.*, 875 F.2d 857 (2d Cir. 1989) ("When a sentence is within [the range prescribed by law], a claim of

excessive punishment does not present a constitutional question necessary for habeas corpus reversal.").

Here, it is undisputed Petitioner's sentence fell within New York's sentencing guidelines. N.Y. Penal Law §§ 70.00(2), (3)(a)(i); 125.25(3). Thus, she suffered no federal constitutional violation because her sentence was within the range prescribed by state law. *Keane*, 969 F.2d at 1383. Whether she believes her sentence is too harsh in relation to the sentence of her co-defendant is not the standard for determining whether a federal constitutional violation occurred.

Accordingly, Petitioner's claim for *habeas* relief on this ground is without merit.

\* \* \*

In sum, having carefully reviewed the merits of each of Petitioner's claims, the Court concludes Petitioner failed to demonstrate any state court ruling was contrary to, or was an unreasonable application of, clearly established federal law. *See* 28 U.S.C. § 2254(d). Thus, the Court denies the petition for *habeas corpus* relief.

## CONCLUSION

For the reasons stated herein, the petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2254 is DENIED in its entirety. A certificate of appealability shall not issue. *See* 28 U.S.C. § 2253. The Clerk of the Court is respectfully directed to serve notice of entry of this Order on all parties and to close the case.

**SO ORDERED.**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: October 3, 2019
Brooklyn, New York